UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KELLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 16-5042 (SS)<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Plaintiff Christopher Keller ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Agency") denying his application for Disability Insurance Benefits ("DIB"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## II.

## PROCEDURAL HISTORY

Plaintiff filed an application for Title II DIB on July 22, 2013. (Administrative Record ("AR") 144-45). In the application, Plaintiff alleged a disability onset date of January 1, 2012. (AR 144). The Agency denied Plaintiff's application initially on October 21, 2013. (AR 90-101, 98-101). On December 7, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 109-10). Plaintiff testified before the ALJ, John D. Moreen, on October 21, 2014. (AR 44, 48-81). On October 31, 2014, the ALJ issued a decision denying Plaintiff benefits. (AR 19-40). Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on May 19, 2016. (AR 1-4). Plaintiff filed the instant action on July 10, 2016.

## III.

## FACTUAL BACKGROUND

**A.  Plaintiff's History**

Plaintiff was born on February 13, 1955. (AR 48, 144). Plaintiff was 56 years old at the time of his alleged disability onset date of January 1, 2012 (AR 117), and 59 years old at the time of his hearing before the ALJ (AR 35, 48). Plaintiff completed more than four years of college and earned degrees in history and management/business administration. (AR 48, 158). Plaintiff worked in the past as a claims adjuster (AR 57, 174), security

guard (AR 54, 174, 181), and private investigator (AR 55). With the exception of working one day in 2010, Plaintiff has not worked since December 31, 2008. (AR 49, 61). Plaintiff alleges disability due to anxiety, high blood sugar, sciatica, morbid obesity/metabolic syndrome, depression, carpal tunnel/tendonitis, pre-diabetes, and back pain. (AR 157).

**B.   Vocational Expert's Testimony**

Vocational Expert ("VE") Jane Hale testified at Plaintiff's hearing on October 21, 2014. (AR 81-86). The ALJ asked the VE whether a hypothetical individual with Plaintiff's characteristics and the limitation of occasional contact with others could perform Plaintiff's past work as a security guard. (AR 82). The VE testified that this hypothetical person's characteristics and limitations would "still allow the security guard job," but the limitation "may [erode] the labor market." (AR 83). The VE explained that because the hypothetical person "would be limited to taking assignments that were away from the public," the security guard job market would be eroded by "at least" 50 percent. (AR 83).

After the VE testified about job erosion, the ALJ asked whether the VE's testimony was in conformance with the Dictionary of Occupational Titles ("DOT"). (AR 83). The VE answered by stating "Yes." (AR 83).
//
//

3

# IV.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents the claimant from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found

|   |   |
|---|---|
| 1 | disabled. If not, proceed to step four. |
| 2 | (4) Is the claimant capable of performing his past work? If |
| 3 | so, the claimant is found not disabled. If not, proceed |
| 4 | to step five. |
| 5 | (5) Is the claimant able to do any other work? If not, the |
| 6 | claimant is found disabled. If so, the claimant is found |
| 7 | not disabled. |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his or her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both

exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a VE. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## V.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 40). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from alleged disability onset of January 1, 2012, through date last insured of December 31, 2013. (AR 25). At step two, the ALJ found that Plaintiff had the severe medically determinable impairments of a history of carpal tunnel syndrome on the right, essential tremor of the left upper extremity, mild degenerative changes of both knees, mild degenerative changes of both hips, degenerative changes of the lumbar spine, sciatica, obesity, and obstructive sleep apnea. (Id.). At the third step, the ALJ found that the severe impairments at step two did not meet or medically equal a listed impairment. (AR 31).

At step four, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that the job could require no more than occasional contact with others. (AR 32). The ALJ assessed this limitation to occasional contact with others based on Plaintiff's demeanor at the hearing

and because he credibly testified that he was let go from his last job due to interpersonal discord. (AR 38). The ALJ found that through the date last insured Plaintiff was capable of performing his past relevant work as a security guard. The ALJ determined that this past work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Id.).

The ALJ concluded that Plaintiff had failed to establish disability at any time from the date of onset of January 1, 2012, through the date last insured of December 31, 2013. (AR 40). Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (Id.).

**VI.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant

evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

# VII.

# DISCUSSION

Plaintiff challenges the ALJ's decision on the ground that the evidence fails to establish that Plaintiff can perform his past work of security guard with the limitation of occasional contact with others. (Plaintiff's Memorandum in Support of Complaint at 4). The Court agrees. Accordingly, for the reasons discussed below, the decision is REVERSED and REMANDED for further proceedings consistent with this decision.

**A.    The ALJ Improperly Evaluated Plaintiff's Ability To Perform Past Relevant Work At Step Four**

Plaintiff argues that the ALJ erred by concluding that he can perform his past relevant work as a security guard with the RFC

limitation of occasional contact with others. (Id. at 4). At step four, the claimant carries the burden of proving that he cannot return to a position similar to his past work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e); Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir. 1990)). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. (citing SSR 82-62, 1982 WL 31386 (1982) ("SSR 82-62")) (additional citations omitted). "This is done by looking at the residual functional capacity and the physical and mental demands of the claimant's past relevant work." Id. at 844-45 (citing 20 C.F.R. §§ 20 C.F.R. §§ 404.1520(e), 416.920(e) (internal quotation marks omitted)).

A claimant has the ability to return to previous work if he can perform the "'actual functional demands and job duties of a particular past relevant job'" or "'[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy.'" Id. at 845 (quoting SSR 82-61, 1982 WL 31387 ("SSR 82-61")). "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Id. (citing SSR 82-62).

The ALJ found that, "[b]ased on the [VE]'s testimony, [Plaintiff] can perform the physical requirements of all of his past relevant work, as it is generally performed if not as actually

9

performed."[1] (AR 39). "[T]he best source for how a job is generally performed is usually the [DOT]." Pinto, 249 F.3d at 845 (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)); 20 C.F.R. §§ 1566(d), 416.1566(d); SSR 82-61).

The ALJ was required to make specific findings regarding "the relation of [Plaintiff's] residual functional capacity to [his] past work." Pinto, 249 F.3d at 845. This required the ALJ to compare the job duties of security guard as generally performed and defined by the DOT with Plaintiff's RFC. Cf. id.; 20 C.F.R. § 404.1520(e).

The ALJ found that Plaintiff had the RFC to perform light work except that the job could require no more than "occasional contact with others." (AR 32). The DOT defines the temperaments necessary to perform the job of security guard as including the temperament of "P: Dealing with PEOPLE." DOT 372.667-034 (4th rev. ed. 1991), 1991 WL 673100 ("DOT 372.667-034"); see also Revised Handbook for Analyzing Jobs, ch. 10 ¶ 2 (1991) (defining "Temperaments," of which there are eleven, as "a component of Work Characteristics" and the "adaptability requirement made on the worker by specific types of jobs"). This DOT temperament "P", i.e., "dealing with people," conflicts with the ALJ's assessed limitation of occasional contact with others.

//

---

[1] The ALJ found that Plaintiff could perform his past work as generally required but not as actually performed. For this reason, the Court does not address Plaintiff's contention that he cannot perform the actual demands of his past work.

10

"[F]or an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." Pinto, 249 F.3d at 847 (citing Johnson, 60 F.3d at 1435). Here, the ALJ erred because he offered no explanation for his deviation from the DOT.

In addition, the ALJ erroneously relied on the VE's testimony to conclude that Plaintiff could perform the physical requirements of his past work of security guard. (AR 39). The record did not contain the necessary evidence to support a deviation from the DOT. Cf. Pinto, 249 F.3d at 846 (for an ALJ to accept VE testimony that contradicts the DOT, the "record must contain 'persuasive evidence to support the deviation'") (quoting Johnson, 60 F.3d at 1435).

Moreover, the ALJ was required to elicit a reasonable explanation for the conflict between the VE and DOT prior to relying on the VE's testimony. Cf. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (ALJ's duty to develop the record requires ALJ to reconcile apparent conflicts by "determin[ing] whether [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]"); see also SSR 00-4p, 2000 WL 1898704 (2000). However, the ALJ accepted the VE's answer that her testimony was consistent with the DOT without obtaining the required explanation. The ALJ did not inquire, and the VE did not offer, any explanation of how a hypothetical person with the limitation of occasional contact with others could perform the job of security guard requiring the temperament of dealing with people. The ALJ erred by failing to

reconcile this conflict. Cf. Massachi, 486 F.3d at 1153-54 (ALJ erred by failing to ask VE whether testimony conflicted with DOT and, if so, whether there was a reasonable explanation for the conflict).

The Agency contends that there is no conflict because the DOT does not discuss frequency of contact with others and a "common sense reading" of the DOT reveals that some jobs take place in closed establishments. (Agency's Mem. in Support of Answer at 5). However, the DOT's security guard job requirement of dealing with people presumptively applies absent persuasive evidence supporting a deviation from the DOT. Cf. Johnson, 60 F.3d at 1435. Here, the ALJ failed to identify or rely upon any evidence to support the deviation.

Finally, the VE testified that approximately 50 percent of the jobs of security guard would be eroded for a hypothetical person with the limitation of occasional contact with others. (AR 82-83). Contrary to the Commissioner's contention, this testimony did not reconcile the conflict with the DOT. (AR 83). Neither the VE nor ALJ acknowledged the DOT's defined temperament of dealing with people.

For these reasons, the ALJ failed to develop the record and support his decision with substantial evidence. Cf. Pinto, 249 F.3d at 847-48 (ALJ's decision not supported by substantial evidence where the DOT required a language ability above plaintiff's and neither ALJ nor VE addressed impact of plaintiff's

illiteracy on her ability to find and perform past work). Accordingly, the ALJ erred at step four by concluding that Plaintiff could perform his past relevant work.

**B.    Remand Is Required**

In sum, the ALJ's decision at step four was not supported by substantial evidence.  In addition, the ALJ failed to develop the record by reconciling the conflict between the VE and DOT, and this failure was not "'inconsequential to the ultimate nondisability determination.'"  Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).  Accordingly, the case must be remanded to remedy these defects.

On remand, the ALJ must fully develop the record and determine whether sufficient evidence supports the conclusion that Plaintiff is capable of finding and performing his past relevant work.  If not, the ALJ must decide, based upon VE testimony, whether other jobs exist in the national or local economy that Plaintiff can perform.

# VIII.

# CONCLUSION

For the foregoing reasons, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 5, 2017

                                          /S/
                               SUZANNE H. SEGAL
                               UNITED STATES MAGISTRATE JUDGE

# NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**